# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:16-cr-00285-APG-NJK |
| ) | |
| vs. ) | ORDER |
| ) | |
| BRANDON LAMAR PRUITT, ) | |
| ) | (Docket No. 49) |
| Defendant. ) | |

Pending before the Court is the United States' motion to allow witness to testify via video telephone conference. Docket No. 49. The Court has considered the United States' motion, Defendant's response, and the United States' reply. Docket Nos. 49, 55, 56.

The United States asks the Court to allow one of its witnesses to testify at the evidentiary hearing on Defendant's motion to suppress via video conference. Docket No. 49. The United States submits that the witness, Officer R.C. Flores, is seven months pregnant, has been placed on maternity leave on the advice of her doctor, and has been advised to reduce her activity for the remainder of her pregnancy. *Id*. at 1. The United States submits that the Confrontation Clause does not apply to suppression hearings. *Id*. at 3-4. Even if it did, however, the United States submits that the right is not absolute. *Id*. at 4. The United States contends that the proposed video conference will protect any rights Defendant has to confront the witness. *Id*. at 5.

Defendant responds that the Confrontation Clause applies at suppression hearings and guarantees him "a face-to-face meeting with witnesses appearing before the trier of fact." Docket No. 55 at 2 (internal

citation omitted). Defendant contends that live testimony is necessary because the officer's credibility is "paramount." *Id*. at 3. Finally, Defendant submits that the United States contributed to the witness' unavailability by requesting a continuance of the evidentiary hearing. *Id*.

The United States replies that the Confrontation Clause does not apply to non-trial proceedings. Docket No. 56 at 2. Further, the United States submits that video testimony satisfies all procedural and reliability concerns. *Id*. at 3. Finally, the United States submits that it did not cause the unavailability issue, and that it has requested video testimony in order to preserve Defendant's right to a speedy trial. *Id*.

The Confrontation Clause of the Sixth Amendment provides that, in criminal prosecutions, the accused has the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. The United States Supreme Court has explained that the primary object of the confrontation clause was to "prevent depositions or *ex parte* affidavits being used against the prisoner in lieu of a personal examination and cross-examination of the witness" at trial. *Mattox v. United States*, 156 U.S. 237, 242 (1895). Cross-examination gives Defendant an opportunity, not only to "test the recollection and [sift] the conscience of the witness," but also to compel "him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief." *Id*. The Confrontation Clause, therefore, is designed in part to use physical confrontation at trial to enhance "the accuracy of fact finding by reducing the risk that a witness will wrongfully implicate an innocent person." *Maryland v. Craig*, 497 U.S. 836, 846 (1990).

*Crawford v. Washington*, 451 U.S. 36 (2004) did not change the Supreme Court's long-standing determination that the Confrontation Clause is a trial right. The Confrontation Clause bars "admission of testimonial statements of a witness who did not appear *at trial* unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Id*. at 53-54 (emphasis supplied). *See also Williams v. Illinois,* 567 U.S. 50 (2012) (use of DNA profile at trial did not violate Confrontation Clause); *United States v. Littlesun*, 444 F.3d 1196, 1199-1200 (9th Cir. 2006) (*Crawford* speaks to trial

testimony, not other proceedings).[1]

The Court finds that the United States has shown good cause for its witness, Officer R.C. Flores, to testify over video conference at the evidentiary hearing. The officer lives in California, is in the third trimester of pregnancy, and her doctor has placed her on maternity leave and advised her to reduce her activity as much as possible.

Accordingly, the United States' motion to allow witness to testify via video telephone conference, Docket No. 49, is hereby **GRANTED**. The United States is **ORDERED** to make all necessary arrangements for this witness to testify at the evidentiary hearing via video conference.

IT IS SO ORDERED.

DATED: June 23, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] As the Confrontation Clause is a trial right, and the hearing at issue is not trial, the Court does not reach the issue of whether testifying by video conference satisfies the Confrontation Clause.