UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:16-cr-285-APG-NJK |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART MOTION TO ADMIT STATEMENTS BY THE VICTIM** |
| v. | |
| BRANDON LAMAR PRUITT, | (ECF No. 82) |
| Defendant. | |

The Government moves for permission to admit into evidence at trial statements made by the victim (A.D.) under the "forfeiture by wrongdoing" doctrine. ECF No. 82. Specifically, the Government seeks to admit A.D.'s journal and her phone calls with defendant Brandon Lamar Pruitt. The evidence demonstrates that on several occasions Pruitt encouraged A.D. to avoid contact with, and tracking by, the police, with the intent that A.D. not be available to testify at trial. The efforts were apparently successful, as A.D. has apparently ceased contact with the authorities and concealed her whereabouts. Accordingly, I grant the Government's motion in part.

The parties are familiar with the facts, which are laid out in detail in the briefs. I will not repeat them here except as necessary for context. After he was arrested, Pruitt had several phone calls with A.D. from the detention facility using other detainees' identification. Pruitt encouraged A.D. to not talk to police, and to tell his attorney that she was "tricked" by the police into telling a false story. He encouraged her to get a new cell phone and throw away her old one to avoid being tracked by the police. He also told A.D. to write him a letter with her new phone number, using a false name and return address. Pruitt acknowledged to A.D. that he was barred by the Magistrate Judge from speaking with her. The Government has not been able to locate A.D. since November 2016.

The Sixth Amendment's Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had

a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004). "[A] statement cannot fall within the Confrontation Clause unless its primary purpose was testimonial. Where no such primary purpose exists, the admissibility of a statement is the concern of state and federal rules of evidence, not the Confrontation Clause." *Ohio v. Clark*, 135 S. Ct. 2173, 2180 (2015) (citation and quotation omitted). For purposes of the Confrontation Clause, statements "are testimonial when the circumstances objectively indicate that . . . the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822 (2006). "Statements made to someone who is not principally charged with uncovering and prosecuting criminal behavior are significantly less likely to be testimonial than statements given to law enforcement officers." *Clark*, 135 S. Ct. at 2182.

Here, A.D.'s journal entries and her phone calls with Pruitt were not testimonial. The journal entries presumably record her daily thoughts and activities.[1] Her phone calls with Pruitt—while he was in custody on these charges—were clearly not meant to establish or prove events for later prosecution. To the contrary, some of the calls involved the avoidance of prosecution. Because the journal entries and phone calls were not testimonial, their admission does not violate the Confrontation Clause.

But even if the journal and calls are considered testimonial, they would be admissible based on the forfeiture by wrongdoing doctrine. "The forfeiture-by-wrongdoing doctrine is an exception to the Confrontation Clause's protections. That doctrine permits the introduction of a testimonial statement by an unavailable witness if the preponderance of the evidence shows that the 'witness is absent by [the defendant's] own wrongful procurement.'" *Carlson v. Att'y Gen. of Cal.*, 791 F.3d 1003, 1009 (9th Cir. 2015). The doctrine applies only if the defendant engaged in "conduct designed to prevent a witness from testifying." *Giles v. California*, 554 U.S. 353, 365 (2008).

---

[1] The Government has not identified which specific portions of the journal and the jail calls it intends to offer at trial. Those portions may be subject to other objections (e.g., relevance, hearsay, etc.). I will rule on those issues as they come up at trial, when there is more context in which to evaluate them.

A preponderance of the evidence shows that Pruitt intended to prevent A.D. from testifying against him at trial, and that his actions were the cause of her present unavailability. *United States v. Johnson*, 767 F.3d 815, 822—23 (9th Cir. 2014). As summarized above, Pruitt repeatedly encouraged A.D. to not cooperate with the authorities, to change her story, to get rid of her cell phone to avoid being tracked by the police, and to provide her new phone number to him surreptitiously. He did all this while knowing he had twice been told by the court to not contact A.D. As a result of his actions, the Government has not been able to locate A.D.

"A witness is considered unavailable for purposes of the Confrontation Clause if the prosecutorial authorities have made a good-faith effort to obtain his presence at trial." *United States v. Matus-Zayas*, 655 F.3d 1092, 1101 (9th Cir. 2011) (quotation omitted). In this case, the sealed declarations of the Government's agents describe their efforts to locate A.D.[2] Despite those good-faith efforts, the Government has not been able to contact or locate her. At this time, she is apparently unavailable to testify at trial. However, the Government must continue to use good-faith efforts to locate A.D. up until the time of trial. *Id.* at 1102 ("[T]he obligation remains on the government to provide evidence at trial demonstrating the witness's unavailability as a predicate to the admission of the material witness's testimony."). Should the Government not be able to locate and present A.D. at trial, I will allow the Government to introduce her journal and the phone call recordings at trial.

IT IS HEREBY ORDERED the Government's motion **(ECF No. 82)** is **GRANTED IN PART**. The Government's requests to admit the journal and jail calls are not barred by the Confrontation Clause. Whether specific portions of the journal and calls are barred by other objections will be decided at trial.

DATED this 1st day of December, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[2] I allowed the Government to file under seal declarations and affidavits from detectives detailing their efforts to locate A.D. I have reviewed them *in camera*. The Government has used good-faith efforts to locate A.D. Given Pruitt's violations of this court's no-contact orders and his attempts to dissuade A.D. from testifying, the Government's efforts to locate A.D. should remain confidential. *See* ECF No. 92 at 3, n. 1.