# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON LAMAR PRUITT,<br><br>Defendant. | Case No. 2:16-cr-285-APG-NJK<br><br>**ORDER DENYING MOTION TO RECONSIDER ORDER OF SUPPRESSION**<br><br>(ECF No. 161) |

Defendant Brandon Lamar Pruitt moves for reconsideration of my prior order (ECF No. 88) accepting Magistrate Judge Koppe's report and recommendation and denying the suppression of a journal written by witness A.D. Pruitt's motion is based on the following testimony by A.D. at Pruitt's first trial:

> Q: Okay. Now, when you were arrested in this case, so when you were taken from the apartment with Detective Chapman, he asked you to bring your journal; right?
>
> A: No. He took it.
>
> Q: He took your journal. Okay. Did he ask you to bring anything or if you wanted to bring anything?
>
> A: No. He -- well, he just said to get dressed, and I got dressed.

ECF No. 152 at 193:6–13. This testimony is at best ambiguous as to A.D.'s consent to the journal being taken. Pruitt has not offered sufficient evidence of new factual circumstances for me to reconsider my prior order.

Pruitt also contends that I must reconsider his argument that Detective Chapman did not have valid consent to enter the Pirates Cove apartment on July 22, 2016. Judge Koppe found that Detective Chapman and his partner were invited into the apartment. ECF No. 68 at 28. I have reviewed Judge Koppe's report and the basis for her finding. Nothing in Pruitt's motion gives me reason to reject Judge Koppe's finding. The woman who invited the officers to enter

the apartment told them she lived there, and there was nothing in the surrounding circumstances that made their belief of this statement unreasonable. *See Illinois v. Rodriguez*, 497 U.S. 177, 188 (1990).

IT IS THEREFORE ORDERED that Pruitt's motion to reconsider **(ECF No. 161) is DENIED.**

DATED this 24th day of January, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE