| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br><br>v.<br><br>BRANDON LAMAR PRUITT,<br><br>                       Defendant. | Case No. 2:16-cr-285-APG-NJK<br><br>**ORDER GRANTING IN PART MOTION IN LIMINE REGARDING JAIL CALLS**<br><br>(ECF No. 159) |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

      Defendant Brandon Lamar Pruitt's motion to preclude the Government from admitting three jail calls at trial **(ECF No. 159) is GRANTED in part**.

      In clip 20169300753, Pruitt tells Alexis to write him letters signed as "Mrs. Pruitt" because he is not supposed to be communicating with her. While this evidence was highly probative for the witness tampering charge, the clip has little to no probative value for the remaining charges. Pruitt advises Alexis how to contact him, but he does not attempt to persuade Alexis not to testify against him or to not talk to the police. The jury would learn Pruitt engaged in a bad act by violating a court order and also would learn that there was a judicial determination that Pruitt not communicate with Alexis. This clip therefore is excluded because what little, if any, probative value of the call is substantially outweighed by the danger of unfair prejudice. FRE 403. For these same reasons, the Government may not introduce other evidence that Pruitt violated a court order not to contact Alexis.

      In clip 201610040740, Pruitt advises Alexis to change her phone number to avoid the police and to not talk to the police. Although this conversation takes place while Pruitt is under the no-contact order, he does not mention that fact in this clip. Evidence that Pruitt attempted to influence Alexis not to testify or talk to the police is probative of consciousness of guilt on the remaining charges. This evidence is admissible under Rule of Evidence 404(b) and its probative

value is not substantially outweighed by the danger of unfair prejudice. *See United States v. Meling*, 47 F.3d 1546, 1557 (9th Cir. 1995).

In clip 201704121753, Pruitt advises a person called Q that the police are looking for someone to testify against Pruitt, that the police are looking for Q, and that the police may issue a warrant for Q for Pruitt's upcoming trial in June. Although Alexis is on the phone during the call, Pruitt does not advise Alexis to avoid the police or evade a warrant. The defense contends Q's testimony likely has nothing to do with the sex trafficking and transportation charges and more likely relates to the felon in possession or burglary charges. The Government does not explain how Pruitt advising Q to avoid a warrant is related to the remaining charges in this case. The clip is excluded as irrelevant. FRE 401.

DATED this 24th day of January, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE