# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00285-APG-NJK |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART MOTION IN LIMINE TO ADMIT CERTAIN ADMISSIONS BY THE DEFENDANT** |
| BRANDON LAMAR PRUITT, | (ECF No. 163) |
| Defendant. | |

Plaintiff United States of America's motion in limine to admit certain admissions by the defendant **(ECF No. 163) is GRANTED in part**. The defendant does not object to the admission of any of the identified portions of his prior testimony, and his prior testimony is admissible under Federal Rule of Evidence 801(d)(2)(A).

The defendant seeks to supplement the Government's designated testimony with additional excerpts, citing the rule of completeness under Federal Rule of Evidence 106. As explained by the Tenth Circuit, Rule 106's purpose "is to prevent a party from misleading the jury by allowing into the record relevant portions of a writing or recorded statement which clarify or explain the part already received." *United States v. Lopez-Medina*, 596 F.3d 716, 735 (10th Cir. 2010). "The rule of completeness, however, does not necessarily require admission of [an entire statement, writing or recording.] Rather, only those portions which are relevant to an issue in the case and necessary to clarify or explain the portion already received need to be admitted." *Id.* (quotation omitted). "In determining whether a disputed portion of a statement must be admitted [under the rule of completeness], the trial court should consider whether (1) it explains the admitted evidence, (2) places the admitted evidence in context, (3) avoids misleading the jury, and (4) insures fair and impartial understanding of the evidence." *Id.* (quotation omitted).

None of the defendant's proposed excerpts is necessary to clarify or explain the Government's designated excerpts, place those excerpts in context, avoid misleading the jury, or

ensure a fair and impartial understanding of the evidence. I therefore deny admission of the defendant's requested designations.

The Government also seeks to admit A.D.'s written statements in a journal entry that she had a goal to "Stop being a 304 one day" and for "Daddy to stop being a 16 one day" as adopted admissions under FRE 801(d)(2)(B). Adopted admissions are statements which an opposing party "manifested that it adopted or believed to be true." FRE 801(d)(2)(B). In order for an adopted admission to be admitted, there must be sufficient foundational facts demonstrating that the opposing party did actually adopt the statement. *United States v. Monks*, 77 F.2d 945, 950 (9th Cir. 1985).

The "stop being a 304 one day" statement has already been deemed admissible as a statement concerning state of mind. The Government argues that the defendant admitted the goal for "Daddy to stop being a 16 one day" during his testimony at the first trial. The Government also intends to introduce expert testimony that "16" means pimp.

Pruitt testified that he read A.D.'s journal, read the entry titled "Our Goals," and spoke with her about it on the phone. He also testified that he agreed with A.D.'s goal for him to stop being a "16," despite not knowing what a "16" was. While the defendant did adopt the statement "Daddy to stop being a 16 one day," he explicitly denied any knowledge that "16" means pimp. When taken together, the inference from the expert testimony and the journal entry is essentially that the defendant admitted the goal to stop being a pimp one day. The defendant did not adopt that interpretation of his admission; he denied it. The government may introduce the journal entry if it also admits the defendant's testimony that he does not know what "16" means, in order to properly describe what he admitted, provide context to the statement, and avoid misleading the jury.

DATED this 25th day of January, 2018.

_____

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE