UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>BRANDON LAMAR PRUITT,<br><br>Defendant | Case No.: 2:16-cr-00285-APG-NJK<br><br>**Order (1) Denying in Part Motion to Vacate Sentence, and (2) Granting Evidentiary Hearing**<br><br>[ECF No. 277] |

Over the course of two jury trials, Brandon Lamar Pruitt was convicted of sex trafficking of a minor, transporting a minor for prostitution, being a felon in possession of a firearm, and witness tampering. ECF Nos. 136; 192; 276. He is currently serving a 300-month sentence. ECF No. 276. Pruitt appealed. The Ninth Circuit affirmed on all grounds with a limited remand for the parties to consider Pruitt's sentencing enhancement and to conform the written judgment to the oral sentence. *United States v. Pruitt*, 839 F. App'x 90, 95 (9th Cir. 2020). Pruitt subsequently filed a petition for a writ of certiorari in the Supreme Court of the United States, which was denied. *Pruitt v. United States*, 142 S. Ct. 503 (2021).

Pruitt now moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. ECF No. 277. He claims his counsel was ineffective and his conviction for unlawful possession of a firearm is unconstitutional following the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). The government responds that Pruitt's ineffective assistance of counsel claims fail on the merits and his constitutional argument regarding his firearm conviction is procedurally defaulted. I deny all but two of Pruitt's ineffective assistance of counsel claims because they are contradicted by the record or do not allege deficient or prejudicial performance. I grant Pruitt an evidentiary hearing on his claims

that: (1) counsel did not explain the sentencing consequences of Pruitt's options nor the elements of the crimes for which he was charged, and (2) counsel did not engage in sufficient plea negotiations between trials despite Pruitt's request for counsel to negotiate with the government. I deny Pruitt's constitutional claim regarding his firearm conviction because it is procedurally defaulted and *Bruen* does not create a substantive change in law that applies here.

### I.   LEGAL STANDARD

Federal prisoners may file a § 2255 motion to "vacate, set aside or correct" a criminal sentence that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). In deciding this motion, I cannot reexamine issues the Ninth Circuit decided on direct review. *United States v. Jingles*, 702 F.3d 494, 499-500 (9th Cir. 2012). Instead, I must follow its decisions as "the law of the case." *Id.* at 498. If Pruitt did not raise an issue on direct appeal "but could have, then [I] must determine whether his default precludes him from raising the issue now." *Id.*

### II.   DISCUSSION

#### A.   Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Pruitt must show both that his counsel's performance was deficient, and that this deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient when it falls "below an objective standard of reasonableness." *Garza v. Idaho*, 139 S. Ct. 738, 743-44 (2019) (quotation omitted). I must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Additionally, "a reasonable tactical choice based on an adequate inquiry is immune from attack under *Strickland*." *Gerlaugh v. Stewart*, 129 F.3d 1027, 1033 (9th Cir. 1997). Pruitt bears the

burden of showing that his "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quotation omitted). This standard "is a most deferential one" because "the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Id.* at 105.

To establish prejudice, it is not enough for Pruitt "to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Rather, he must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," where "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

1. Denied Claims of Ineffective Assistance of Counsel

   a. *Claims Decided on Direct Appeal*

Pruitt bases some of his ineffective assistance of counsel claims on issues decided by the Ninth Circuit on direct appeal. He contends his counsel was ineffective by failing to argue at a suppression hearing that the police lacked consent to enter Pruitt's apartment. I deny this claim. The Ninth Circuit found that the female who opened Pruitt's door for the search that led to A.D.'s journal had "apparent authority to consent to the officers' entry into the apartment," and thus the search was constitutional. *Pruitt*, 839 F. App'x at 92-93. Because the search was constitutional, counsel's representation was not deficient nor was Pruitt prejudiced.

Pruitt asserts his counsel was ineffective by failing to explain that the Supreme Court was considering *Rehaif v. United States* when Pruitt stipulated to his felony status and to possessing a firearm in interstate commerce. *See* ECF Nos. 151 at 9; 154 at 23. I deny this claim as well. As the Ninth Circuit stated, "one of [] Pruitt's prior felonies was for being a felon in

possession of a firearm," and "such a conviction prove[s] beyond a reasonable doubt that Pruitt had the knowledge required by *Rehaif*." *Pruitt*, 839 F. App'x at 94.  Additionally, the Supreme Court decided *Rehaif* after Pruitt's trials, and counsel is not required to anticipate changes in the law. *See Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) ("Lowry's lawyer cannot be required to anticipate our decision in this later case, because his conduct must be evaluated for purposes of the performance standard of *Strickland* as of the time of counsel's conduct.") (quotation omitted).  Thus, counsel was not deficient and Pruitt was not prejudiced.

Finally, Pruitt argues that because counsel failed to *voir dire* Detective Petrulli, the court did not know he was unqualified to testify as a "pimp expert."  The Ninth Circuit found that Detective Petrulli was a qualified expert,[1] so Pruitt was not prejudiced.   I therefore deny this claim.

b. *New Claims*

Pruitt raises several ineffective assistance of counsel claims that do not rely on issues decided on his direct appeal.  First, Pruitt argues that counsel was ineffective because she failed to object to his cell phone screensaver—a photo of him with victim A.D.—being admitted into evidence.  The parties had previously stipulated not to introduce the photo. *See* ECF No. 236 at 219-222.  But Pruitt's counsel opened the door to its admission, and after initially objecting, she decided she "d[id]n't really care if the phone c[a]me[] in or not." *Id.* at 218, 222.  I deny this claim.  To prove counsel's actions were deficient, Pruitt "must overcome the presumption that" counsel's failure to object "might be considered sound trial strategy . . . [u]nder the circumstances of [his] case." *Morris v. State of California*, 966 F.2d 448, 456 (9th Cir. 1991)

---

[1] "Detective Petrulli's training and experience qualified him as an expert on sex trafficking, juvenile sex trafficking, and the relationships between pimps and prostitutes." *Pruitt*, 839 F. App'x at 93 (quotation omitted).

4

(quotation omitted).  This presumption means that a "tactical decision not to object" is not ineffective assistance so long as counsel's failure to object "falls within the range of reasonable representation." *Id.*  Ample evidence was presented at trial connecting Pruitt to A.D.  Thus, counsel's decision not to object to the photo falls within this range and was not deficient, nor was Pruitt prejudiced by its admission. *See United States v. Bosch*, 914 F.2d 1239, 1247 (9th Cir. 1990) (holding that "in the absence of . . . a showing" that the evidence in question was inadmissible, counsel's failure to object "was not unreasonable or prejudicial").

Pruitt contends that counsel failed to explain that he should accept a plea instead of going to trial a second time.  I deny this claim because nothing in the record indicates there was a plea offer from the government before the second trial.

Pruitt's assertions that counsel failed to conduct a meaningful pre-trial investigation and to contact Pruitt's recommended witnesses are contradicted by the record.  Counsel requested "all the discovery in this case," "made several subsequent discovery requests to the government when [she] thought something was missing," and investigated Pruitt's suggested witness, "poochie," though she was unable to find him. ECF Nos. 291-2 at 4-5; 291-1 at 5.  Pruitt's claim that counsel did not use the private investigator Pruitt's family hired fails because the federal public defenders' office does not work with outside investigators, and counsel's assigned investigator engaged in a meaningful pretrial investigation. ECF No. 291-1 at 5.

Pruitt contends that counsel failed to tell the jury about A.D.'s criminal history.  This claim fails because A.D.'s prior criminal history was precluded at trial. *See* Fed. R. Evid. 404, 412; ECF Nos. 162; 184; 235 at 6.

Pruitt argues that counsel failed to investigate and present his history of mental illness.  If counsel has "notice of facts sufficient to give rise to a duty to investigate the possibility of a

mental state defense," then counsel must conduct "a minimal investigation in order to make an informed decision regarding the possibility of a defense based on mental illness." *Franklin v. Johnson*, 290 F.3d 1223, 1234-35 (9th Cir. 2002) (quotation omitted). Counsel did not investigate Pruitt's mental health before trial. ECF No. 291-1 at 6. But Pruitt offers nothing to indicate that he (or anything else) put counsel on notice of facts triggering a duty to investigate his mental health prior to trial. Post-trial, counsel reviewed mental health records and found that no defense was available based on those records. *Id.* Thus, Pruitt was not prejudiced by a lack of pretrial investigation.

Counsel's decision not to bring up Pruitt's mental health at sentencing was also not deficient. "Counsel has a duty to present and explain all available mitigating evidence, absent a tactical reason for not doing so." *Demetrulias v. Davis*, 14 F.4th 898, 913 (9th Cir. 2021). But "strategic choices made [by counsel] after thorough investigation of law and facts . . . are virtually unchallengeable." *Id.* (quotation omitted). If, after investigating mitigating mental health evidence, counsel makes a reasonable strategic decision not to present it, this does not constitute deficient performance. *Id.* at 914. This is especially true where counsel presents other mitigating evidence. *Id.* at 914-15. That is the case here. Pruitt's counsel reviewed his mental health history before sentencing, and the Presentencing Report indicates she advised Pruitt not to discuss his mental health history, suggesting a strategic decision. *See* PSR at 21. Additionally, counsel presented other mitigating evidence at sentencing. *See* ECF No. 212 at 2 (explaining Pruitt's difficult childhood). Her strategic decision not to present mental health evidence at sentencing was not deficient.

Finally, Pruitt contends counsel opened the door to his jailhouse calls being admitted into evidence at trial. I deny this claim. Pruitt's calls were already admitted when counsel began her

questioning. *See* ECF No. 237 at 30-32, 42-44. While discussing the calls already in evidence, counsel made the tactical decision to pursue the theory that Pruitt was using other inmates' phone IDs for financial reasons. *Id.* at 42-46. This tactical decision opened the door to the "no contact order" between A.D. and Pruitt but did not open the door to the jailhouse phone calls themselves. *Id.* at 42-49.

### 2. Claims for Which an Evidentiary Hearing is Needed

An evidentiary "hearing is mandatory whenever the record does not affirmatively manifest the factual or legal invalidity of the petitioner's claims" and is particularly appropriate when a petitioner's "claims raise facts which occurred out of the courtroom and off the record." *United States v. Rodriguez*, 49 F.4th 1205, 1213 (9th Cir. 2022) (quotations omitted). Evidentiary hearings are especially appropriate for the "counterfactual inquiry of what a defendant would have done." *Id.* (quotation omitted).

Pruitt raises two claims that require an evidentiary hearing to resolve. First, Pruitt asserts that he did not understand the sentencing consequences of going to trial, the elements of the crimes the United States needed to prove, or the evidence it had against him. ECF No. 286 at 13-17. Specifically, he claims that he did not understand that going to trial, instead of accepting a plea deal or pleading "straight up," would likely lead to a lengthier sentence because of the weight of the evidence against him. *Id.* Pruitt contends that if he had known these things, he would have pleaded guilty. *Id.* Counsel responds that she advises "all her clients that they have three options: (1) trial; (2) plea deal; [or] (3) plea without the benefit of a deal (pleading straight up)." ECF No. 291-1 at 4. She also "informs every client of the possible consequences of going to trial (and losing) and reviews the elements of each offense with them (especially if going to

trial)." *Id.* Counsel recalls having "several conversations with Mr. Pruitt concerning the challenges of taking his case to trial" and that Pruitt was "resolved" in wanting to go to trial. *Id.*

This claim requires an evidentiary hearing because Pruitt "has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quotation omitted). "Defendants have a Sixth Amendment right to counsel . . . that extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). A defendant who rejects a plea offer and is convicted at trial can establish ineffective assistance of counsel by showing that "but for" counsel's ineffective advice, "there is a reasonable probability" that the defendant would have accepted the plea offer, "the court would have accepted its terms," and "the conviction or sentence, or both, . . . would have been less severe." *Id.* at 163-164.

Pruitt alleges he rejected the plea offer and did not plead "straight up" because counsel failed to advise him about the sentencing consequences of going to trial versus the benefits of pleading guilty early in the proceedings. Pruitt also alleges that counsel did not explain to him that he likely would be convicted and receive a lengthier sentence because of the evidence the United States had against him for the elements it needed to prove. Pruitt was sentenced to 300 months (25 years), while the plea deal from the government before the first trial was for 22 years. ECF Nos. 276 at 3; 291-1 at 4. Pruitt also states that if this had been explained to him, he would have accepted the 22-year offer. Because Pruitt and counsel's conversations regarding pleading occurred "out of the courtroom and off the record," and Pruitt alleges facts which, if true, could prove ineffective assistance of counsel, an evidentiary hearing is required. *Rodriguez*, 49 F.4th at 1213 (quotation omitted).

Pruitt also argues that counsel failed to conduct meaningful plea negotiations with the government between trials. Pruitt alleges that after his first trial ended in a hung jury regarding the charges of sex trafficking and transporting a minor for prostitution, counsel did not engage in meaningful plea negotiations with the United States. ECF No. 286 at 15-17. Pruitt states that after the first trial he "would have accepted the favorable plea offer the government was willing to offer." *Id.* at 17 (quotation omitted). Counsel states that she "does recall . . . conversations concerning negotiations with the government after the first trial, but before the second trial," though she "does not recall the exact substance of those conversations." ECF No. 291-1 at 5. Nothing in the record indicates the government offered Pruitt a plea deal between the trials.

Because of the centrality of plea bargains in today's criminal justice system, "criminal defendants require effective counsel during plea negotiations." *Missouri v. Frye*, 566 U.S. 134, 144 (2012); *see also Leonti*, 326 F.3d at 1117 ("We have therefore found ineffective assistance of counsel in cases where an attorney's failures concerned the process of plea bargaining and reaching the plea agreement."). Conversations Pruitt had with counsel regarding his desire to negotiate with the government between trials, and any conversations counsel had with the government, occurred "out of the courtroom and off the record." *Rodriguez*, 49 F.4th at 1213 (quotation omitted). And if the facts Pruitt alleges are true, counsel's performance may have been ineffective and prejudiced Pruitt. Thus, an evidentiary hearing is needed.

### 3. Summary

The majority of Pruitt's claims do not meet the standard for establishing ineffective assistance of counsel. Some of his claims are based on arguments decided on his direct appeal. For others, Pruitt fails to show how counsel's performance was deficient, how counsel's decisions could have plausibly prejudiced the outcome, or both. However, I will hold an

evidentiary hearing on his claim that he was uninformed about the sentencing dangers of going to trial and the benefits of pleading guilty and his claim that counsel did not engage in sufficient plea negotiations between trials.

### B. Unconstitutionality of § 922(g)(1)

Pruitt challenges the constitutionality of his conviction for unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), based upon the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). ECF No. 286 at 24-25. He argues that under *Bruen*'s test for Second Amendment violations, no restriction can be placed on a person's right to keep and bear arms. *Id.* He relies on the Fifth Circuit's opinion in *United States v. Rahimi*, which held, post-*Bruen*, that § 922(g)(8) is unconstitutional. 61 F.4th 443, 455, 460 (5th Cir. 2023). Section 922(g)(8) makes it unlawful for individuals to possess a firearm if they are "subject to a court order" prohibiting them from "harassing, stalking, or threatening an intimate partner" or the partner's child. The Supreme Court granted certiorari in *Rahimi*, and Pruitt asks me to hold his § 2255 petition in abeyance until the Supreme Court decides *Rahimi*.

The government responds that Pruitt's constitutional challenge to § 922(g)(1) is procedurally defaulted because he did not raise it on direct appeal and did not attempt to show cause and prejudice or actual innocence to excuse the default. ECF No. 291 at 15. Pruitt replies that *Bruen* articulated a new substantive rule that applies retroactively. ECF No. 295 at 5. He also asks me to stay his motion pending the Supreme Court's review of the Third Circuit's decision in *Range v. Attorney General United States of America*, 69 F.4th 96 (3d Cir. 2023).[2] In

---

[2] In his reply, Pruitt refers to the case as *Garland v. Range*, however the proper title for the case Pruitt is referring to is *Range v. Attorney General United States of America*, 69 F.4th 96 (3d Cir. 2023).

10

*Range*, the Third Circuit held that § 922(g)(1) was unconstitutional as applied to the plaintiff, whose only felony was lying about his income on a food stamp application. *Id.* at 98-99, 106. While a petition for certiorari has been docketed in *Range*, the Supreme Court has not yet granted review. Petition for Writ of Certiorari, *Range*, (No. 23-374).

Claims not raised on direct appeal are procedurally defaulted unless the petitioner can show (1) actual innocence or (2) cause for the default and prejudice resulting from the error. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Pruitt can also reach the merits of his claim by demonstrating *Bruen* is a new substantive rule that is retroactive on collateral review and applies to his conviction. *Welch v. United States*, 578 U.S. 120, 128 (2016).

### 1. Procedural Default

*Bruen* clarified the framework for Second Amendment claims, but the argument that § 922(g)(1) is unconstitutional was available at the time of Pruitt's appeal. Because he did not raise this claim on appeal, it is procedurally defaulted. To surmount this procedural default, Pruitt must show actual innocence or that there was cause for his default and he is prejudiced as a result of it. *Bousley*, 523 U.S. at 622. Pruitt does not assert actual innocence and does not argue that "no reasonable juror would have convicted him." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). Pruitt thus must show cause and prejudice to overcome procedural default.

Establishing cause "requires a showing of some external impediment preventing [Pruitt] from…raising the claim." *Murray v. Carrier*, 477 U.S. 478, 492 (1986). To show prejudice, Pruitt must show that the error worked to "his actual and substantial disadvantage." *Id.* at 494 (simplified).

Pruitt does not argue either cause or prejudice. He does not attempt to show an external impediment kept him from challenging the constitutionality of § 922(g)(1) on direct appeal.

11

Because Pruitt cannot prove cause, I do not need to evaluate prejudice as both cause and prejudice are necessary to surmount a procedural default. *See Murray*, 477 U.S. at 494 (rejecting the "contention that a showing of actual prejudice should permit relief even in the absence of cause.") (quotation omitted). Thus, Pruitt cannot overcome his procedural default through cause and prejudice.

2. Retroactivity

Pruitt can reach the merits of his § 922(g)(1) argument by showing that *Bruen* established a new substantive rule. New substantive rules may be retroactive on collateral review. *Welch*, 578 U.S. at 128. A substantive rule "alters the range of conduct or the class of persons that the law punishes." *Id.* at 129 (quotation omitted). Examples include "narrow[ing] the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Id.* (quotation omitted). These "rules apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004) (quotation omitted).

Pruitt's retroactivity argument fails because, even if *Bruen* creates a substantive change in the law, it does not create a substantive change in relation to § 922(g)(1) because it does not "alter[] the range of conduct or the class of persons [§ 922(g)(1)] punishes." *See Welch*, 578 U.S. at 129. *Bruen* held that a state statute "prevent[ing] law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms" is unconstitutional. *Bruen*, 142 S. Ct. at 2156. Specifically, *Bruen* found a state licensing scheme that required law-abiding citizens to prove "proper cause" to carry a gun for self-defense outside the home violates the

12

Second Amendment. *Id.* at 2122-23, 2156. Pruitt is not an "ordinary, law-abiding citizen" because he has been convicted of felonies in addition to the four he was convicted of in this case. PSR at 12-20. Thus, any substantive change in the law *Bruen* created does not apply to him or his conviction for unlawful possession of a firearm.[3] I deny Pruitt's claim that *Bruen* applies retroactively here to make his § 922(g)(1) conviction unconstitutional.

### 3. Abeyance

I deny Pruitt's request to stay this § 2255 motion pending the Supreme Court's decisions in *Rahimi* and *Range*. Both cases deal with distinct situations, with *Rahimi* discussing a different section of the statute and *Range* finding § 922(g)(1) unconstitutional as applied to an individual with one nonviolent felony. I find no reason to stay this petition pending the decisions in those cases.

### C. Appointing Counsel

Because I am ordering an evidentiary hearing, I must appoint counsel to represent Pruitt. Rule 8(c) of the Rules Governing Section 2255 Proceedings. I will enter a separate order appointing counsel. Once counsel is appointed for Pruitt, the parties will confer about the time needed to transport Pruitt to the Nevada Southern Detention Center, the time needed to prepare for the hearing, the witnesses that will be called, and the length of the hearing. The parties will file a joint status report within 60 days of counsel being appointed for Pruitt.

---

[3] *Bruen* built on the Court's decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago, Illinois*, 561 U.S. 742 (2010). *Id.* at 2122. *Bruen* does not "disturb[] anything [the Supreme Court] said in *Heller* or *McDonald v. Chicago* . . . about restrictions that may be imposed on the possession or carrying of guns." *Id.* at 2157 (Alito, J., concurring). Nor does it "cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Id.* at 2162 (Kavanaugh, J., concurring) (quoting *Heller*, 554 U.S. at 626).

### III.   CONCLUSION

I THEREFORE ORDER that Pruitt's motion to vacate his sentence (**ECF No. 277) is DENIED in part** as set forth above.

I FURTHER ORDER that I will appoint counsel for Pruitt and conduct an evidentiary hearing on some of Pruitt's claims as set forth above.  Once counsel is appointed, the parties will confer about the time needed to transport Pruitt to the Nevada Southern Detention Center, the time needed to prepare for the hearing, the witnesses that will be called, and the length of the hearing.  The parties will file a joint status report within 60 days of counsel being appointed for Pruitt.

DATED this 25th day of October, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE