UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>BRANDON LAMAR PRUITT,<br><br>    Defendant | Case No.: 2:16-cr-00285-APG-NJK<br><br>**Order Denying Motion to Vacate Sentence**<br><br>[ECF No. 277] |

    Over the course of two jury trials, Brandon Lamar Pruitt was convicted of sex trafficking a minor, transporting a minor for prostitution, being a felon in possession of a firearm, and witness tampering. ECF Nos. 136; 192; 276.  He is currently serving a 300-month sentence. ECF No. 276.  Pruitt appealed his convictions and sentence.  The Ninth Circuit affirmed on all grounds with a limited remand for the parties to consider Pruitt's sentencing enhancement and to conform the written judgment to the oral sentence. *United States v. Pruitt*, 839 F. App'x 90, 95 (9th Cir. 2020).  Pruitt subsequently filed a petition for a writ of certiorari in the Supreme Court of the United States, which was denied. *Pruitt v. United States*, 142 S. Ct. 503 (2021).

    Pruitt then moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. ECF No. 277.  He claimed his counsel was ineffective and his conviction for unlawful possession of a firearm was unconstitutional.  I denied all but two of Pruitt's claims, appointed Pruitt counsel, and granted an evidentiary hearing on his claims that: (1) his counsel did not explain the sentencing consequences of Pruitt's options nor the elements of the crimes for which he was charged, and (2) his counsel did not engage in sufficient plea negotiations between trials. ECF No. 296.  At the evidentiary hearing, one of Pruitt's lawyers (Heidi Ojeda) and one of the Government's then-prosecutors (Elham Roohani) testified; Pruitt declined to testify.  After

considering the testimony and evidence presented at that hearing, I find that Pruitt has not sustained his burden of showing that his counsel was ineffective and that he suffered prejudice as a result.

### A. The *Strickland* standard for ineffective assistance of counsel is highly deferential.

To prevail on a claim of ineffective assistance of counsel, Pruitt must show both that his counsel's performance was deficient, and that this deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient when it falls "below an objective standard of reasonableness." *Garza v. Idaho*, 586 U.S. 232, 237 (2019) (quotation omitted). I must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Pruitt bears the burden of showing that his "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quotation omitted). This standard "is a most deferential one" because "the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Id.* at 105.

To establish prejudice, it is not enough for Pruitt "to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Rather, he must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," where "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. To establish prejudice by having to stand trial instead of taking a plea offer, Pruitt must show that "there is a reasonable probability" that a plea offer would have been agreed to by the parties, accepted by

the court, and resulted in a sentence less severe than what was imposed. *Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

### B. Pruitt fails to establish either prong of the *Strickland* standard.

Pruitt claims his counsel was ineffective because she failed to explain the elements of the offenses the Government had to prove and the different sentences he faced if he accepted a plea deal, pleaded straight up, or went to trial. ECF No. 286 at 14, 29, 30. Before the hearing, Ms. Ojeda submitted a declaration that, while she "does not recall the exact substance of every conversation with Mr. Pruitt[, she] informs every client of the possible consequences of going to trial (and losing) and reviews the elements of each offense with them (especially if going to trial)." ECF No. 291-1 at 4. She also "recalls having several conversations with Mr. Pruitt concerning the challenges of taking his case to trial" and that he "was resolved in wanting to take his case to trial." *Id*. She testified similarly at the evidentiary hearing and stated that she spent considerable time with Pruitt before both trials. Pruitt did not want to plead guilty to any charge that would require him to register as a sex offender. No evidence or testimony rebutted this.

Pruitt also claims that after his first trial, his counsel did not discuss with him the ability to seek a new plea offer from the Government, and that if he had known the elements of the offense and his "sentencing exposure," he "would have accepted the [Government's] 22-year plea stipulation." ECF No. 286 at 30. Again, nothing rebutted Ms. Ojeda's declaration that she reviews the elements of the charges with all of her clients, and Pruitt is no exception. ECF No. 291-1 at 4. And certainly by the time of his second trial, Pruitt would have known the elements of the offenses because he sat through his first trial on those charges. He cannot have been mistaken about the elements or the strength of the Government's case by the time of the second trial.

Both Ms. Ojeda and Ms. Roohani testified that they discussed the possibility of a new plea agreement after the first trial, but they were unable to reach an accord. Both Pruitt and the Government were emboldened by the results of the first trial. Pruitt believed that the hung jury would convince the Government to offer a better (or at least the prior) plea deal. To the contrary, the Government believed its case would be stronger on retrial because it would be able to present an expert who was unavailable at the first trial. Ms. Roohani testified that the Government would not agree to anything less than having Pruitt plead to all charges and agree to a 25-year sentence. Particularly, the Government insisted that Pruitt plead guilty to charges that would require him to register as a sex offender. Ms. Ojeda testified Pruitt would never agree to that.

Pruitt suggests his counsel should have pressed the Government harder for a better plea deal. I disagree, given the futility of such an effort. But even if true, that would not meet the *Strickland* standard. *Aguilar v. Alexander*, 125 F.3d 815, 820-21 (9th Cir. 1997) (holding that attorney was not deficient in failing to adopt a more aggressive negotiation style because the attorney sought plea negotiations, was rejected, then proceeded to trial). And regardless, the testimony presented at the hearing proves that the Government would never have made an offer acceptable to Pruitt, regardless of how strenuously Ms. Ojeda lobbied for it. Pruitt's counsel's performance did not fall below the *Strickland* standard.

Even if counsel's performance could be deemed deficient, Pruitt suffered no prejudice because of that. Again, Pruitt would have known the elements of the offenses by the time of his second trial because he sat through the first trial on those charges. Likewise, Pruitt suffered no prejudice with regard to plea negotiations because regardless of how hard Ms. Ojeda tried, the Government refused to offer a deal below a 25-year sentence and the requirement that Pruitt plead to a crime requiring him to register as a sex offender. Pruitt would never agree to that so

no plea deal was possible. Therefore, Pruitt suffered no prejudice even if his allegations are true. *Lafler*, 566 U.S. at 163-164 (To establish prejudice by having to stand trial instead of taking a plea offer, the defendant must show "a reasonable probability that [a] plea offer would have been presented to the court . . . .").

Because Pruitt has failed to establish either element of the *Strickland* standard, let alone both, I must deny his motion.

I THEREFORE ORDER that Pruitt's motion to vacate his sentence **(ECF No. 277) is denied.**

DATED this 8th day of August, 2025.

                                 ANDREW P. GORDON
                                 CHIEF UNITED STATES DISTRICT JUDGE